WESTERN DIS.
October, 1832.

ROW
vs.
RICHARDSON
ET AL.

---

## ROW vs. RICHARDSON ET AL.

**APPEAL FROM THE COURT OF THE SEVENTH DISTRICT, THE JUDGE OF THE DISTRICT PRESIDING.**

In a suit against three joint and several obligors of a promissory note, but who sever in their trials, after one of them has a verdict in his favor he is a competent witness to testify on behalf of his co-defendants.

Where two joint and several obligors to a note have been induced to sign it on the promise that a third person was to sign with them, their obligation is conditional, and on that person refusing to sign, they will be discharged.

This suit is instituted on a joint and several note for three hundred dollars, signed by Wm. Richardson, John McCormick, and Levi Guice, and payable to the plaintiff in good merchantable cotton, in January, 1832.

Guice severed in his answer, admitted his signature, and alleged that he signed the note on the condition that one Liles was also to sign, but who declined; therefore, he avers that there was a want of consideration and fraud in the execution of the note, and prays for a separate trial by a jury. No objection was taken to this course; he had a verdict in his favor. Afterwards, the plaintiff, in an amended petition, alleged that Richardson and McCormick assumed to pay the amount of the note in money, and that McCormick acknowledged himself bound for the whole debt, but wished the others joined with him, that all might be sued together.

WESTERN DIS.
October, 1832.

ROW
vs.
RICHARDSON
ET AL.

The remaining parties went to trial on the amended petition and the answer of Guice. There was a verdict for McCormick, and against Richardson, for three hundred dollars, which was confirmed by the judgement of the court.

On the trial, the defendants offered Levi Guice, after verdict in his favor, as a witness to show that no consideration was given for the note sued on. A bill of exception was taken to the opinion of the court admitting the witness.

The evidence shows that the note was executed in consequence of a horse race made between Row and Richardson, which was run and won by the former. It was shown that when McCormick signed the note, one John Lisles was to have signed with the others, but that after they affixed their names, Row remarked he had enough, and Lisles declined signing. McCormick was very angry at Lisles's not signing, but did not withdraw his name, which he might have done. It is in proof that when the note was presented to McCormick for payment, he acknowledged he was bound for the whole amount of it, as Richardson had failed to deliver the cotton; and said he was willing to pay his proportion of it provided the others would pay theirs. He proposed to leave notes in the hands of a friend to settle his part, &c.

The plaintiff moved for a new trial, because the verdict was contrary to the evidence. The motion was overruled, and the plaintiff appealed.

*Barry*, for plaintiff, submitted this case on points.

*Dunbar* and *Wilson*, for defendants, submitted the case without argument.

MATHEWS, J., delivered the opinion of the court.

This suit is brought on an instrument of writing wherein the defendants promised jointly and severally to pay to the plaintiff three hundred dollars, payable in good, merchantable cotton, to be delivered at Monroe at the market price.

This instrument was signed by Wm. Richardson, Levi Guice, and John McCormick, who severed in their answers, and Guice claimed and obtained a separate trial. The jury to whom his case was submitted, found a verdict in his favor, and judgement was rendered in pursuance of said verdict.

The case, as between the plaintiff and Richardson and McCormick, was submitted to another jury who found a verdict against the former, and in favor of the latter, and judgements were rendered according to the verdict. From the judgements thus rendered the plaintiff appealed.

The defence set up by Guice and McCormick rests on allegations in their answers which, if true, show that although they signed the note in question, they only consented to assume the situation of sureties in relation to Richardson, and that they agreed to take on themselves this obligation only on condition that one Liles should sign the note with them, which he refused to do; all of which circumstances being known to the plaintiff. The instrument, executed as above stated, was staked by Richardson on a horse race with the plaintiff, and won by the latter. After Guice was discharged by the verdict and judgement pronounced in his separate trial, he was offered as a witness for McCormick, and was admitted to testify, to which a bill of exceptions was taken. We are of opinion that after acquittal the witness was competent, and that the circumstances in which he appeared could only affect his credibility.

The testimony adduced on the part of the defendants, who succeeded in the court below, seems to have convinced two juries of the truth of the facts alleged in avoidance of their apparent promise and obligation, and we are unable to find any thing in the record, to lead us to a different conclusion on the facts of the case; if they be true, the obligation of these defendants, resulting from their promise, was conditional, i. e. to take effect only after the signature of Liles to be affixed to the note, which never was done.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed, with costs.

Western Dis.
October, 1832.

ROW
vs.
RICHARDSON
ET AL.

In a suit against three obligors on a promissory note bound in solido, but who sever in their trials, after one of them has a verdict in his favor he is a competent witness to testify on behalf of his codefendants.

Where two joint and several obligors to a note have been induced to sign it on the promise that a third person was to sign with them their obligation is conditional, and on that person refusing to sign, they will be discharged.